UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRAD GUYTON, ET AL.                                                                                    PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:21-CV-452-DPJ-FKB

CARL R. JOHNSON, JR., ET AL.                                                                  DEFENDANTS

ORDER

Plaintiff Tonja Henderson asks the Court to vacate a summary-judgment order dismissing her personal-injury claims. Defendants responded in opposition; Plaintiff failed to reply, and the time to do so has passed. For the reasons explained, her motion [83] is denied.

I.  Facts and Procedural History

On January 9, 2018, Plaintiff Brad Guyton was driving a vehicle on Interstate 20; Plaintiffs Tonja Henderson and Kendall Henderson were passengers. Defendant Carl Johnson, who was driving a "commercial vehicle belonging to Amerimex," collided "with the left hand/drivers [sic] side of the Plaintiffs' vehicle." Compl. [1-1] at 3. Guyton, Tonja, and Kendall all suffered injuries. *Id.* at 4.

On January 6, 2021, Plaintiffs filed this suit in the Circuit Court of Hinds County, Mississippi. *Id.* at 1. Three weeks later, Tonja filed for Chapter 13 bankruptcy. Pet. [79-1] at 1. In her description of financial assets filed with the bankruptcy court, Tonja denied having a claim against a third party or other contingent or unliquidated claims. Form [79-3] at 18. She signed this filing "under penalty of perjury" on February 2, 2021, attesting that it was true and correct. *Id.* at 4. On July 15, 2021, United States Bankruptcy Judge Jamie A. Wilson entered an Agreed Order granting "the Debtor's Modified Chapter 13 Plan." Order [79-4] at 1.

On November 3, 2022, Defendants moved for summary judgment on Tonja's claim, arguing that her "failure to disclose a potential legal interest in a lawsuit invokes the doctrine of judicial estoppel and bars that claim from future litigation." Defs.' Mem. [80] at 3 (citing *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.")). Tonja failed to respond, and, after considering Defendants' arguments and the applicable law, the Court granted the motion and dismissed Tonja's personal claims based on judicial estoppel. Order [81] at 2–3. Guyton and Kendall later settled their claims against Defendants.

Tonja now asks the Court to set aside its Order and reinstate her claims "because it is the only logical, proper, and fair thing to do." Mot. [83] at 1. Defendants responded in opposition; Tonja declined to file a reply. The Court considers the briefing complete and is prepared to rule.

II.     Standard

Tonja never explains which procedural rule governs her motion. Defendants insist that Federal Rule of Civil Procedure 60(b) applies because she filed her motion more than 28 days after judgment was entered. *See* Fed. R. Civ. P. 59(e) (stating a motion to alter or amend under Rule 59(e) must be filed within 28 days). But the Order dismissing Tonja's personal claims was an interlocutory ruling; other claims remained, and no final judgment was entered. Plus, the trustee could have theoretically pursued her claims because the estate was still open at that point. *See, e.g.*, *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) ("Generally, if a debtor fails to schedule an asset, and the trustee later discovers it, the trustee may reopen the bankruptcy case to administer the asset on behalf of the creditors.").

2

"Where, as here, the motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is . . . Rule 54(b)." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002). "Rule 54(b) provides the Court with the inherent power to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *Chisholm v. Mississippi*, No. 5:22-CV-98-DCB-BWR, 2023 WL 2920845, at *1 (S.D. Miss. Apr. 12, 2023) (internal quotation marks and citations omitted).

> District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b). Though less exacting, courts have looked to the kinds of consideration[s] under those rules for guidance.

*Livingston Downs Racing Ass'n, Inc.*, 259 F. Supp. 2d at 475 (citations omitted).

Looking first to Rule 60(b), it provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"The 'decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court . . . .'" *Bynum v. Ussin*, 410 F. App'x 808, 810 (5th Cir. 2011) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)).

Similarly, Rule 59(e) allows a court to alter or amend judgment. But "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotation marks omitted). Reconsideration "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. With these standards in mind, the Court turns to Tonja's motion.

III.   Analysis

   A.   Mistake, Inadvertence, Surprise, or Excusable Neglect

Several of Tonja's arguments touch on mistake, inadvertence, surprise, or excusable neglect. The concept of "excusable neglect" considers "all relevant circumstances," including "the risk of prejudice to the non-movant; the length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Bynum*, 410 F. App'x at 810 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Ultimately though, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396.

To begin, Tonja tries to explain why she failed to respond to Defendants' motion for summary judgment. She first submits that her attorney, Don Evans, "was unaware that the Motion for Summary Judgment had been filed, as his staff did not make him aware that the Motion had, in fact, been filed." Mot. [83] at 4. Nor did Evans catch the Court's subsequent dismissal of her claims. *See id.* (stating that "Don Evans was unaware that the case had been dismissed" until the settlement conference almost four months later).

But the docket lists Evans as Tonja's counsel, and the Notice of Electronic Filing reflects that all filings were electronically delivered to him and several members of his office. As the Fifth Circuit has explained,

> a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356–57 (5th Cir. 1993). "In fact, a court *would* abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* at 357 (emphasis added); *see also Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 [F. App'x] 431, 432 (5th Cir. 2012) (affirming district court's ruling that an attorney's failure to calendar a court deadline did not constitute "excusable neglect").

*Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) (finding district court did not abuse discretion in denying Rule 60(b)(1) relief). Counsel's failure to notice and respond to the motion—or follow the progress of the case—is not excusable neglect.

Next, Tonja states that Evans "was told by his office that since she had filed bankruptcy that we could not go forward on the personal injury case." Mot. [83] at 4. She explains that because "[t]he personal injury case would have immediately become the property of the bankruptcy court, Don Evans could not do anything unless he was hired by the bankruptcy court to handle the personal injury case for the bankruptcy court." *Id.* Thus, Evans apparently thought

5

his representation had concluded unless the trustee hired him, and he does not "as a general rule . . . ask the bankruptcy court to" do so. *Id.*

That was particularly true here. According to Tonja, her own deposition testimony "clearly showed the Plaintiff driver, Brad Guyton to be at fault in this accident." *Id.* at 10. She also explains that

> the accident report drawing and the facts made it appear that our driver was at fault for making an improper left-hand turn from the slow lane of the interstate 1-20 west bound, and that [t]he Plaintiff's driver attempted to illegally cut across the left fast lan[e] in an attempt to cross to the eastbound of I-20 by way of the emergency crossover on the interstate. In doing so, Plaintiff's driver cut across and into the Defendant's truck . . . .

*Id.* at 9. In short, Tonja admits that she and Guyton "gave testimony that clearly put them at fault." *Id.* at 11. Based on that, Evans concluded "the personal injury case would be an extremely difficult case to win," which offered another reason not to "ask the bankruptcy court to hire him." *Id.* at 4.

But Evans never withdrew as Tonja's counsel following the bankruptcy revelation or the unfavorable testimony; he continues to represent her. He therefore had a continuing obligation to protect her interests. If her current arguments against summary judgment have merit, he should have taken the steps to assert them when Defendants filed their motion. "[C]arelessness with or misapprehension of the law" presents no basis to set aside the judgment under Rule 60(b)(1). *Brittingham*, 543 F. App'x at 374. And in any event, Tonja fails to explain why the Court should reinstate her claims when she says they lack merit.

B.     Summary Judgment by Default

Tonja says that summary judgment cannot be granted by default, suggesting that the Court granted Defendants' motion based solely on her failure to respond. Mot. [83] at 11. Not so. As reflected in the Order [81] granting summary judgment, the Court considered the

6

elements of judicial estoppel and applied them to the evidence submitted in support of the motion. The motion was not granted by default.

C.      Inadvertence

Next, Tonja asserts that if she had responded in opposition to the summary-judgment motion, she would have argued that her failure to disclose the bankruptcy was inadvertent. Mot. [83] at 13; *see In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (noting, for judicial estoppel to apply, "the non-disclosure must not have been inadvertent"). She faults the "bankruptcy paralegal preparing her bankruptcy petition" for failing to ask her if she had any claims pending against a third party. Mot. [83] at 5.

Tonja cites no legal authority to support this argument, and Defendants claim that it is too little too late. As they note, she could have raised the same point in response to their summary-judgment motion. Defs.' Mem. [85] at 4 (citing *US Bank Nat'l Ass'n v. Budnick*, 626 F. App'x 438, 441 (5th Cir. 2015) (affirming denial of Rule 60 motion and finding no extraordinary circumstances where movants "could have raised [their statute of limitations defense] before their time to file an answer had expired"). Tonja never filed a reply addressing this argument, and she has not shown that asserting inadvertence would have given her any relief from the summary-judgment motion.

D.      Dismissal of Bankruptcy Petition

Tonja reasons that because her bankruptcy petition was "dismissed for nonpayment . . . it was as if the bankruptcy had not been filed and it [should have] no bearing or effect on this case anymore." Mot. [83] at 5; *see id.* at 6. Again, Tonja cites no authority for this proposition, and the argument is a poor fit.

7

The Bankruptcy Court dismissed her case on January 10, 2023—after this Court dismissed her claims—and specifically stated, "the debtor has failed to make payments to the Trustee as required or to file with the Clerk of this Court a written responsive pleading to the Motion."  Bankr. Order [83-1] at 2.  Thus, Tonja asks the Court to overlook her failure to disclose third-party claims because she neglected her required payments to the Trustee.

The purpose of judicial estoppel is "to 'protect the integrity of the judicial process.'" *Reed v. City of Arlington*, 650 F.3d 571, 574 (quoting *New Hampshire v Maine*, 532 U.S. 742, 749–50 (2001)).  In the bankruptcy context, "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system."  *Id.*  Tonja presents no extraordinary circumstances and offers no authority to support her argument.

E.     Misstatements

Lastly, Tonja makes two statements in her motion that warrant correction.  First, she seems to think the Court dismissed the entire case.  Mot. [83] at 1; *id.* at 2 ("This case in the above styled and numbered cause was dismissed on the grounds that Tonja Henderson allegedly failed to disclose her personal case to her bankruptcy lawyer.").  The Court dismissed only Tonja's personal claims based on judicial estoppel; the rest of the case remained intact and remains open.  Order [81] at 3 ("Plaintiff Tonja Henderson's personal claims are barred by judicial estoppel.").

Tonja also says, "the version of how the accident occurred," as described in the Court's Order, "was written in the absolute reverse of how the accident actually occurred and had the Defendant clearly at fault."  Mot. [83] at 9.  Maybe, but the Court was merely quoting Tonja's

8

Complaint.  Order [81] at 1 (quoting Compl. [1-1] at 3).  Perhaps Tonja's point is that the evidence no longer supports the facts she pleaded.

III.     Conclusion

The Court has considered all arguments raised; those not addressed would not have changed the result.  Plaintiff's motion to reinstate her claims [83] is denied.  Because the remaining plaintiffs settled their claims, and the bankruptcy case is now closed, the Court will enter final judgment and close this case unless the remaining parties object by June 21, 2023.

**SO ORDERED AND ADJUDGED** this the 7th day of June, 2023.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE